UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER OBETZ, | CIVIL ACTION NO.: |
| Plaintiff | |
| v. | |
| TRUSTEES OF DEERFIELD ACADEMY, PETER HINDLE, and JOHN GRANEY, | |
| Defendants | |
| | June 19, 2015 |

# COMPLAINT AND JURY TRIAL DEMAND

## INTRODUCTION

1.      This case arises out of the sexual abuse in Connecticut of Plaintiff Christopher Obetz when he was a minor by Bryce Lambert, a teacher negligently supervised by a private school operated by Defendant Trustees of Deerfield Academy. Immediately prior to each episode of sexual abuse in Connecticut, Plaintiff was participating in interscholastic sports events at various schools in Connecticut; sports events in Connecticut arranged by, and co-sponsored by, the Trustees of Deerfield Academy.  The Trustees of Deerfield Academy arranged for Plaintiff's transportation to these sporting events in Connecticut.  Immediately prior to each episode of sexual abuse in Connecticut, Defendants Peter Hindle and John Graney, coaches and adult supervisors of the Plaintiff when he was a minor, negligently transferred Plaintiff to Bryce Lambert, who then repeatedly sexually abused Plaintiff in Connecticut.

2.      The Plaintiff now seek damages for his personal injuries pursuant to the common law of Connecticut.

## STATEMENT OF JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of Florida, the Defendants are citizens of Massachusetts and North Carolina, and the amount in controversy, without interest and costs, exceeds the sum or value of $75,000.

4.      Defendant Trustees of Deerfield Academy, a Massachusetts nonprofit corporation, during the relevant times to the present has conducted affairs in Connecticut.  It was during the conduct of these affairs in Connecticut in which Plaintiff was tortiously harmed.

5.      As Defendant Trustees of Deerfield Academy has been conducting affairs in Connecticut, this Defendant was required by Connecticut statutes to obtain a certificate of authority from the Connecticut Secretary of State.  Defendant Trustees of Deerfield Academy did not timely obtain a certificate of authority to conduct affairs in Connecticut from the Connecticut Secretary of State.  As a result of Defendant Trustees of Deerfield Academy's failure to obtain a certificate of authority at the relevant times from the Connecticut Secretary of State, pursuant to Conn. Gen. Statutes §33-1219(e), Defendant Trustees of Deerfield Academy is subject to suit in Connecticut upon any cause of action arising out of the affairs this Defendant conducted in Connecticut.

6.      As Defendants Peter Hindle and John Graney committed tortious acts in Connecticut, pursuant to Conn. Gen. Statutes §52-59b, Connecticut courts may exercise personal jurisdiction over Defendants Peter Hindle and John Graney.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred in this District.

## PARTIES

8.     Plaintiff Christopher Obetz is an individual with a residential address in Fort Myers, Lee County, Florida.

9.     The Defendant, Trustees of Deerfield Academy, is a nonprofit educational corporation established under the laws of Massachusetts that operates a private, coeducational boarding school in Deerfield, Franklin County, Massachusetts.  At times relevant and material hereto, Defendant Trustees of Deerfield Academy operated Deerfield Academy as a boys-only boarding school (hereinafter referred to as the "Deerfield Academy School").

10.     Defendant Peter Hindle is an individual with a residential address in South Dartmouth, Bristol County, Massachusetts.

11.     Defendant John Graney is an individual with a residential address in Pittsboro, North Carolina.

## STATEMENT OF FACTS

12.     From approximately 1952 to approximately 1990, Bryce Lambert (hereinafter referred to as "Mr. Lambert") was employed by Defendant Trustees of Deerfield Academy as an English teacher, with responsibilities that included, among other things, teaching, guiding, supervising, or otherwise interacting with minor children who were students at Deerfield Academy School. At all relevant and material times Mr. Lambert lived on the campus of Deerfield Academy School. Mr. Lambert is currently deceased.

13.     In approximately the fall of 1982, when the Plaintiff was approximately fifteen years old, the Plaintiff entered Deerfield Academy School as a sophomore. The Plaintiff

continued as a full time student at Deerfield Academy School from approximately the 1982-1983 school year through approximately the 1984-1985 school year. The Plaintiff graduated from Deerfield Academy School in the spring of 1985 when the Plaintiff was approximately seventeen years old.

14.     The Plaintiff lived on the campus of Deerfield Academy School as a residential student during all three years that the Plaintiff attended Deerfield Academy School.

15.     The Plaintiff was a member of the Deerfield Academy School golf team during all three years that the Plaintiff attended Deerfield Academy School.  The Plaintiff was a member of the Deerfield Academy School squash team during the first two years that he attended Deerfield Academy School.

16.     At relevant and material times, Defendant Trustees of Deerfield Academy had longstanding and historic relationships with a number of private schools in Connecticut with regard to interscholastic athletic competition among these schools. Pursuant to this interscholastic athletic competition, at relevant and material times Defendant Trustees of Deerfield Academy sent over a dozen athletic teams composed of hundreds of Deerfield Academy School students into Connecticut throughout the academic year to compete against other private schools in sporting events in Connecticut.

17.     The Deerfield Academy School golf team's competitive season was during the spring of the school years that the Plaintiff attended Deerfield Academy School.  At relevant and material times, the Deerfield Academy School golf team traveled to a number of private schools in Connecticut to play competitive matches against the golf teams of these Connecticut private schools. While the Plaintiff was a member of the Deerfield Academy School golf team, the Plaintiff traveled with other members of the Deerfield Academy School

golf team to the Connecticut private schools under the supervision of Defendant John Graney, the Deerfield Academy School faculty member who served as the coach of the Deerfield Academy School golf team. Transportation to the competitive golf matches in Connecticut at the time Plaintiff was a member of the Deerfield Academy School golf team was provided by the Defendant Trustees of Deerfield Academy.

18.     The Deerfield Academy School squash team's competitive season was during the winter of the two school years that the Plaintiff was a member of the Deerfield Academy School squash team, that is the first two years that Plaintiff attended Deerfield Academy School.  At relevant and material times, the Deerfield Academy School squash team traveled to a number of private schools in Connecticut to play competitive matches against the squash teams of these Connecticut private schools. While the Plaintiff was a member of the Deerfield Academy School squash team, the Plaintiff traveled with other members of the Deerfield Academy School squash team to the Connecticut private schools under the supervision of Defendant Peter Hindle, the Deerfield Academy School faculty member who served as the coach of the Deerfield Academy School squash team. Transportation to the competitive squash matches held at these Connecticut private schools at the time Plaintiff was a member of the Deerfield Academy School squash team was provided by the Defendant Trustees of Deerfield Academy.

19.     At relevant and material times, private schools located in Connecticut against which the Deerfield Academy School golf team played competitive matches included, among others, Avon Old Farms School, Avon, Connecticut; The Taft School, Watertown, Connecticut; Choate Rosemary Hall, Wallingford, Connecticut; and Kingswood-Oxford School, West Hartford, Connecticut. These matches took place on golf courses in Connecticut

located on or near the campuses of the aforementioned private schools.

20.      At relevant and material times, private schools located in Connecticut against which the Deerfield Academy School squash team played competitive matches included, among others, Kingswood-Oxford School, West Hartford, Connecticut; The Hotchkiss School, Lakeville, Connecticut; Kent School, Kent, Connecticut; The Taft School, Watertown, Connecticut; and Choate Rosemary Hall, Wallingford, Connecticut. These matches took place in Connecticut on or near the campuses of the aforementioned private schools.

21.      At the conclusion of the Deerfield Academy School golf team's matches with Connecticut private schools, Mr. Lambert routinely waited for Plaintiff at Mr. Lambert's car in the parking lot of the golf courses in Connecticut where the Deerfield Academy School golf team had played competitive golf. On these occasions, with the acknowledgement, approval and permission of Defendant John Graney, the Plaintiff would then leave the Deerfield Academy School golf team and enter Mr. Lambert's parked car. Plaintiff understood Mr. Lambert would transport Plaintiff back to the Deerfield Academy School.

22.      At the conclusion of the Deerfield Academy School squash team's matches with Connecticut private schools, Mr. Lambert routinely waited for Plaintiff at Mr. Lambert's car in the parking lot of the private schools in Connecticut where the Deerfield Academy School squash team had played. On these occasions, with the acknowledgement, approval and permission of Defendant Peter Hindle, Plaintiff would then leave the Deerfield Academy School squash team and enter Mr. Lambert's parked car. Plaintiff understood Mr. Lambert would transport Plaintiff back to the Deerfield Academy School.

23.      While the Plaintiff was seated in Mr. Lambert's parked car in the parking lots

of the golf courses or the private schools where the Deerfield Academy School sporting events had taken place, Mr. Lambert routinely engaged in explicit sexual behavior and lewd and lascivious conduct with the Plaintiff, including but not limited to, Mr. Lambert touching the Plaintiff's upper inner thigh, rubbing the Plaintiff's groin area, and massaging the Plaintiff's genitals, over the Plaintiff's clothing, for the purposes of Mr. Lambert's sexual gratification; and Mr. Lambert making the Plaintiff touch Mr. Lambert's genitals over Mr. Lambert's clothing, again for the purposes of Mr. Lambert's sexual gratification.

24.     After Mr. Lambert and the Plaintiff left the parking lot of the location where the Deerfield Academy School sporting event had taken place, Mr. Lambert routinely would bring the Plaintiff to a restaurant located in Connecticut, where Mr. Lambert would buy the Plaintiff dinner, including wine for the Plaintiff to drink. While seated at a table in the restaurant, Mr. Lambert would often remove his own shoe and massage the Plaintiff's groin area with his foot for the purposes of Mr. Lambert's sexual gratification.

25.     After dinner, while the Plaintiff was seated in Mr. Lambert's parked car in the parking lot of the restaurant in Connecticut or at another location in Connecticut, Mr. Lambert routinely engaged in explicit sexual behavior and lewd and lascivious conduct with the Plaintiff, including but not limited to, Mr. Lambert fondling the Plaintiff's genitals, both over the Plaintiff's clothing and inside the Plaintiff's clothing, skin-on-skin, and Mr. Lambert kissing the Plaintiff's penis, for the purposes of Mr. Lambert's sexual gratification; and Mr. Lambert making the Plaintiff touch Mr. Lambert's genitals over Mr. Lambert's clothing, again for the purposes of Mr. Lambert's sexual gratification.

26.     The aforementioned pattern of sexual abuse occurred during the golf and squash seasons Plaintiff participated in when he was a student at Deerfield Academy School.

From when Plaintiff was approximately fifteen years of age until he was approximately seventeen years of age, Plaintiff was sexually abused by Mr. Lambert in Connecticut on multiple occasions after Deerfield Academy School golf team matches at Connecticut golf courses. From when Plaintiff was approximately fifteen years of age until he was approximately sixteen years of age, Plaintiff was sexually abused by Mr. Lambert in Connecticut on multiple occasions after Deerfield Academy School squash team games with Connecticut private schools.

27.    Not until recently did the Plaintiff have sufficient knowledge that he had been harmed and that the cause of the harm was the explicit sexual behavior and lewd and lascivious conduct of Mr. Lambert.

28.    As a result of Mr. Lambert's explicit sexual behavior and lewd and lascivious conduct with the Plaintiff, the Plaintiff suffers, has suffered, and will continue to suffer in the future severe emotional distress and physical harm manifested by objective symptomatology, including but not limited to depression, panic attacks, alcohol abuse, diet pill abuse, and suicidal ideation.

29.    At all relevant and material times, Mr. Lambert misrepresented and concealed from the Plaintiff the wrongful nature of the explicit sexual behavior and lewd and lascivious conduct and that such explicit sexual behavior and lewd and lascivious conduct could harm the Plaintiff.

30.    As a result of the said explicit sexual behavior and lewd and lascivious conduct in which Mr. Lambert engaged with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree Mr. Lambert did abuse the Plaintiff emotionally and physically.

## CLAIMS FOR RELIEF

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### Plaintiff Christopher Obetz v. Defendant Trustees of Deerfield Academy
### Negligent Hiring, Retention, Direction, and Supervision

31.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

32.     At all relevant and material times, the responsibilities of Defendant Trustees of Deerfield Academy included the hiring, retention, direction, and supervision of individuals who work at Deerfield Academy School where those individuals would be teaching, guiding, counseling, coaching, supervising, or otherwise interacting with minor children.

33.     At all relevant and material times, the responsibilities of Defendant Trustees of Deerfield Academy included hiring Mr. Lambert as a faculty member of Deerfield Academy School, or approving Mr. Lambert's employment as a Deerfield Academy School teacher; retaining Mr. Lambert as a Deerfield Academy School faculty member or teacher; directing Mr. Lambert as an employee of Deerfield Academy School, including providing direction for his interactions with minor children; and supervising Mr. Lambert as an employee of Deerfield Academy School, including providing supervision for his interactions with minor children.

34.     At all relevant and material times, Defendant Trustees of Deerfield Academy knew or should have known that Mr. Lambert would interact and was interacting with minor children who were Deerfield Academy School students, including, more specifically, the Plaintiff.

35.     At all relevant and material times, Defendant Trustees of Deerfield Academy had a special relationship with Mr. Lambert, a teacher who was employed by Deerfield

Academy School.

36.     At all relevant and material times, Defendant Trustees of Deerfield Academy had a special relationship with the Plaintiff, a minor child who was a Deerfield Academy School boarding school student.

37.     At all relevant and material times, Defendant Trustees of Deerfield Academy had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to teach, guide, counsel, coach, supervise, or otherwise interact with minor children.

38.     At all relevant and material times, Defendant Trustees of Deerfield Academy had a duty to establish and implement reasonable safety protocols to protect minors, such as Plaintiff, who attended Deerfield Academy School.

39.     At all relevant and material times, Defendant Trustees of Deerfield Academy breached its duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to teach, guide, counsel, coach, supervise, and otherwise interact with minor children, by hiring Mr. Lambert or approving Mr. Lambert's employment with Deerfield Academy School; by retaining Mr. Lambert in Mr. Lambert's employment with Deerfield Academy School; and by its failure to exercise the care of a reasonable person in its direction and supervision of Mr. Lambert's interactions with minor children who were Deerfield Academy School students, including the Plaintiff. At all relevant and material times, Defendant Trustees of Deerfield Academy knew or should have known Mr. Lambert was of bad character and reputation and unfit to properly interact with minor children who were Deerfield Academy School students, including, more specifically, the Plaintiff, and that Mr. Lambert engaged in, or was engaging in, the intentional and negligent

conduct with the Plaintiff as described above.  Defendant Trustees of Deerfield Academy further breached its duty of care to properly hire, retain, direct, and supervise by failing to establish and implement reasonable safety protocols to protect minors such as Plaintiff.

40.     At all relevant and material times, Defendant Trustees of Deerfield Academy knew or should have known that Mr. Lambert's intentional and negligent conduct as described above would result in severe mental and emotional suffering by a victim of such conduct, including the Plaintiff.

41.     As a direct and proximate result of Defendant Trustees of Deerfield Academy's negligent conduct, the Plaintiff has suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

42.     By reason of the foregoing, Defendant Trustees of Deerfield Academy is liable to the Plaintiff for negligent hiring, retention, direction, and supervision, in an amount to be proved at trial.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### Plaintiff Christopher Obetz v. Defendant Trustees of Deerfield Academy
### Breach of Fiduciary Duty

43.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

44.     At all relevant and material times, Defendant Trustees of Deerfield Academy knew or should have known that Mr. Lambert was providing teaching, guidance, and supervision to minor children who were students at Deerfield Academy School, including the Plaintiff.

45.     At all relevant and material times, Defendant Trustees of Deerfield Academy knew or should have known that Mr. Lambert was spending significant time with, and interacting with, minor children who were students at Deerfield Academy School, including the Plaintiff, without other adults present.

46.     At all relevant and material times, Mr. Lambert, as a Deerfield Academy School teacher, was in a position that the minor children who were students at Deerfield Academy School would believe that they could trust Mr. Lambert.  At all relevant and material times, Defendant Trustees of Deerfield Academy knew that because of Mr. Lambert's position at the Deerfield Academy School, the minor boys attending the Deerfield Academy School would believe they could trust Mr. Lambert.

47.     At all relevant and material times, Mr. Lambert, as a Deerfield Academy School teacher, was in a position that the minor children who were students at Deerfield Academy School would have confidence that the conduct Mr. Lambert engaged in was to further their best interests. At all relevant and material times, Defendant Trustees of Deerfield Academy knew that because of Mr. Lambert's position at the Deerfield Academy School, the minor boys attending the Deerfield Academy School would have confidence that the conduct Mr. Lambert engaged in was to further their best interests.

48.     At all relevant and material times, Defendant Trustees of Deerfield Academy had a fiduciary obligation to the Plaintiff.

49.     As a fiduciary of the Plaintiff, Defendant Trustees of Deerfield Academy had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe teaching, guidance, counseling, and supervision to the Plaintiff.

50.     At all relevant and material times, Defendant Trustees of Deerfield Academy

breached its fiduciary duty to the Plaintiff, by appointing Mr. Lambert to a position which vulnerable minors would respect and would cause vulnerable minors to believe they could trust Mr. Lambert; by allowing Mr. Lambert to have opportunities for engaging in explicit sexual behavior and lewd and lascivious conduct with minors; by failing to establish and implement reasonable safety protocols to protect minors such as Plaintiff; by allowing Mr. Lambert to engage in the explicit sexual behavior and lewd and lascivious conduct with the Plaintiff as described above; by failing to timely warn the Plaintiff or the Plaintiff's family that Mr. Lambert posed an unreasonable risk to minor children; and by failing to timely notify the Plaintiff or the Plaintiff's family that Defendant Trustees of Deerfield Academy had information indicating that Mr. Lambert had acted inappropriately with other minor children at or about the time the Plaintiff was a student at Deerfield Academy School.

51.     As a direct and proximate result of the breach of fiduciary duty by Defendant Trustees of Deerfield Academy, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

52.     By reason of the foregoing, Defendant Trustees of Deerfield Academy is liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

#### Plaintiff Christopher Obetz v. Defendant Peter Hindle
#### Negligent Supervision

53.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

54.     At all relevant and material times, the responsibilities of Defendant Peter Hindle included coaching, guiding, counseling, and supervising minor children, including the

Plaintiff, who were students at Deerfield Academy School and who were members of the Deerfield Academy School sports team which Defendant Peter Hindle coached.

55.     At all relevant and material times, Defendant Peter Hindle had a special relationship with the Plaintiff, a minor child who was a Deerfield Academy School student and a member of a Deerfield Academy School sports team which Defendant Peter Hindle coached.

56.     At all relevant and material times, Defendant Peter Hindle had a duty of care to properly coach, guide, counsel, and supervise minor children, including the Plaintiff, who were Deerfield Academy School students and who were members of a Deerfield Academy School sports team which Defendant Peter Hindle coached.

57.     At all relevant and material times, Defendant Peter Hindle breached his duty of care to properly coach, guide, counsel, and supervise Plaintiff, in that Defendant Peter Hindle relinquished his supervision of the Plaintiff while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports team which Defendant Peter Hindle coached, and Defendant Peter Hindle failed to ensure the safe return of the Plaintiff to Deerfield Academy School while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports teams that Defendant Peter Hindle coached; instead, leaving the Plaintiff to the care and custody of Mr. Lambert. At all relevant and material times, Defendant Peter Hindle knew or should have known Mr. Lambert was of bad character and reputation and unfit to properly interact with minor children who were Deerfield Academy School students, including, more specifically, the Plaintiff, and that Mr. Lambert engaged in, or was engaging in, the intentional and negligent conduct with the Plaintiff as described above.

58.     At all relevant and material times, Defendant Peter Hindle knew or should have known that Mr. Lambert's intentional and negligent conduct as described above would result in severe mental and emotional suffering by a victim of such conduct, including the Plaintiff.

59.     As a direct and proximate result of Defendant Peter Hindle's negligent conduct, the Plaintiff has suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

60.     By reason of the foregoing, Defendant Peter Hindle is liable to the Plaintiff for negligent supervision in an amount to be proved at trial.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF

**Plaintiff Christopher Obetz v. Defendant Peter Hindle**
**Breach of Fiduciary Duty**

61.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

62.     At all relevant and material times, Defendant Peter Hindle was a sports coach at Deerfield Academy School with responsibilities that included coaching, guiding, counseling, and supervising minor children, including the Plaintiff, who were on sports teams at Deerfield Academy School.

63.     At all relevant and material times, Defendant Peter Hindle, a Deerfield Academy School teacher and coach, held positions that caused Plaintiff to believe he could trust Defendant Peter Hindle. At all relevant and material times, Defendant Peter Hindle knew that because of his positions at the Deerfield Academy School, the minor boys attending the Deerfield Academy School, including the Plaintiff, could trust Defendant Peter Hindle.

64.     At all relevant and material times, Defendant Peter Hindle, a Deerfield Academy School teacher and coach, held positions that caused Plaintiff to believe he could have confidence that the conduct Defendant Peter Hindle engaged in was to further Plaintiff's best interests. At all relevant and material times, Defendant Peter Hindle knew that because of his positions at the Deerfield Academy School, the minor boys attending the Deerfield Academy School, including the Plaintiff, would have confidence that the conduct Defendant Peter Hindle engaged in was to further their best interests.

65.     At all relevant and material times, Defendant Peter Hindle had a fiduciary obligation to the Plaintiff.

66.     As a fiduciary of the Plaintiff, Defendant Peter Hindle had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe coaching, guidance, counseling, and supervision to the Plaintiff.

67.     At all relevant and material times, Defendant Peter Hindle breached his fiduciary duty to the Plaintiff, by failing to ensure the safe return of the Plaintiff to the Deerfield Academy School while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports team that Defendant Peter Hindle coached; by entrusting Plaintiff to Mr. Lambert at the end of Deerfield Academy School team competitive events in Connecticut for the return trip to the Deerfield Academy School; by acknowledging, approving and permitting Plaintiff to travel with Mr. Lambert at the end of Deerfield Academy School team competitive events in Connecticut; by allowing Mr. Lambert to engage in the explicit sexual behavior and lewd and lascivious conduct as described above; by failing to timely warn the Plaintiff or the Plaintiff's family that Mr. Lambert posed an unreasonable risk to minor children; and by failing to timely notify the Plaintiff or the Plaintiff's family that Defendant

Peter Hindle had information indicating that Mr. Lambert had acted inappropriately with minor children at or about the time the Plaintiff was a student at Deerfield Academy School.

68.     As a direct and proximate result of the breach of fiduciary duty by Defendant Peter Hindle, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

69.     By reason of the foregoing, Defendant Peter Hindle is liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF
**Plaintiff Christopher Obetz v. Defendant John Graney**
**Negligent Supervision**

70.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

71.     At all relevant and material times, the responsibilities of Defendant John Graney included coaching, guiding, counseling, and supervising minor children, including the Plaintiff, who were students at Deerfield Academy School and who were members of a Deerfield Academy School sports team which Defendant John Graney coached.

72.     At all relevant and material times, Defendant John Graney had a special relationship with the Plaintiff, a minor child who was a Deerfield Academy School student and a member of a Deerfield Academy School sports team which Defendant John Graney coached.

73.     At all relevant and material times, Defendant John Graney had a duty of care to properly coach, guide, counsel, and supervise minor children, including the Plaintiff,  who

were Deerfield Academy School students and who were members of a Deerfield Academy School sports team which Defendant John Graney coached.

74.     At all relevant and material times, Defendant John Graney breached his duty of care to properly coach, guide, counsel, and supervise Plaintiff, in that Defendant John Graney relinquished his supervision of the Plaintiff while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports team which Defendant John Graney coached, and Defendant John Graney failed to ensure the safe return of the Plaintiff to Deerfield Academy School while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports team which Defendant John Graney coached; instead, leaving the Plaintiff to the care and custody of Mr. Lambert. At all relevant and material times, Defendant John Graney knew or should have known Mr. Lambert was of bad character and reputation and unfit to properly interact with minor children who were Deerfield Academy School students, including, more specifically, the Plaintiff, and that Mr. Lambert engaged in, or was engaging in, the intentional and negligent conduct with the Plaintiff as described above.

75.     At all relevant and material times, Defendant John Graney knew or should have known that Mr. Lambert's intentional and negligent conduct as described above would result in severe mental and emotional suffering by a victim of such conduct, including the Plaintiff.

76.     As a direct and proximate result of Defendant John Graney's negligent conduct, the Plaintiff has suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including objective corroboration of said mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

77.     By reason of the foregoing, Defendant John Graney is liable to the Plaintiff for negligent supervision in an amount to be proved at trial.

### PLAINTIFF'S SIXTH CLAIM FOR RELIEF
### Plaintiff Christopher Obetz v. Defendant John Graney
### <u>Breach of Fiduciary Duty</u>

78.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

79.     At all relevant and material times, Defendant John Graney was a sports coach at Deerfield Academy School with responsibilities that included coaching, guiding, counseling, and supervising minor children, including the Plaintiff, who were on sports teams at Deerfield Academy School.

80.     At all relevant and material times, Defendant John Graney, a Deerfield Academy School teacher and coach, held positions that caused Plaintiff to believe he could trust Defendant John Graney. At all relevant and material times, Defendant John Graney knew that because of his positions at the Deerfield Academy School, the minor boys attending the Deerfield Academy School, including the Plaintiff, could trust Defendant John Graney.

81.     At all relevant and material times, Defendant John Graney, a Deerfield Academy School teacher and coach, held positions that caused Plaintiff to believe he could have confidence that the conduct Defendant John Graney engaged in was to further Plaintiff's best interests. At all relevant and material times, Defendant John Graney knew that because of his positions at the Deerfield Academy School, the minor boys attending the Deerfield Academy School, including the Plaintiff, would have confidence that the conduct Defendant John Graney engaged in was to further their best interests.

82.     At all relevant and material times, Defendant John Graney had a fiduciary obligation to the Plaintiff.

83.     As a fiduciary of the Plaintiff, Defendant John Graney had a duty to represent, protect, and further the Plaintiff's best interests, including providing safe coaching, guidance, counseling, and supervision to the Plaintiff.

84.     At all relevant and material times, Defendant John Graney breached his fiduciary duty to the Plaintiff, by failing to ensure the safe return of the Plaintiff to the Deerfield Academy School while the Plaintiff was traveling in Connecticut with a Deerfield Academy School sports team which Defendant John Graney coached; by entrusting Plaintiff to Mr. Lambert at the end of Deerfield Academy School team competitive events in Connecticut for the return trip to the Deerfield Academy School; by acknowledging, approving and permitting Plaintiff to travel with Mr. Lambert at the end of Deerfield Academy School team competitive events in Connecticut; by allowing Mr. Lambert to engage in the explicit sexual behavior and lewd and lascivious conduct as described above; by failing to timely warn the Plaintiff or the Plaintiff's family that Mr. Lambert posed an unreasonable risk to minor children; and by failing to timely notify the Plaintiff or the Plaintiff's family that Defendant John Graney had information indicating that Mr. Lambert had acted inappropriately with minor children at or about the time the Plaintiff was a student at Deerfield Academy School.

85.     As a direct and proximate result of the breach of fiduciary duty by Defendant John Graney, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

86.     By reason of the foregoing, Defendant John Graney is liable to the Plaintiff for breach of fiduciary duty in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Christopher Obetz respectfully demands judgment of $10,000,000.00 in damages against each Defendant for each claim Plaintiff Christopher Obetz states against each Defendant, punitive damages, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## PLAINTIFF'S JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all claims so triable.

Dated:  June 19, 2015

By Plaintiff's Attorneys,

By:     /s/      Steven J. Errante
        Steven J. Errante (ct04292)
        SErrante@ltke.com
        Marisa A. Bellair (ct23802)
        mbellair@ltke.com
        LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
        P.O. Box 1612
        52 Trumbull Street
        New Haven, CT 06510
        Phone:  (203) 787-0275
        Fax:  (203) 782-0278

*Of counsel:*
Mitchell Garabedian (phv04676)
garabedianlaw@msn.com
William H. Gordon (phv04677)
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone:  (617) 523-6250